UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANTHONY MERCHANT,
　　　　　*Defendant-Appellant.*

No. 01-4625

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-00-23)

Submitted: February 28, 2002

Decided: March 19, 2002

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Oldric J. Labell, Jr., Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Merchant appeals the revocation of his supervised release term and the district court's imposition of a twenty-four month imprisonment sentence. On appeal, Merchant argues that the court erred in denying his motion to proceed pro se, denying his motion for a continuance, and that his sentence should be vacated and remanded because the supervised release violation worksheet contained an error. Finding no error, we affirm.

Merchant first argues that the court erred in denying his motion to proceed pro se with stand by counsel appointed. We review the trial court's denial of a defendant's request to represent himself for an abuse of discretion. *Bassette v. Thompson*, 915 F.2d 932, 941-42 (4th Cir. 1990). We find that Merchant was able to present the defense strategy he believed was crucial to his case, which was the sole reason upon which his motion was based. Therefore the court did not abuse its discretion in denying the motion.

Merchant argues that he was denied due process because the denial of the continuance deprived him of notice of the charges and information to be used in sentencing him. Merchant contends that he did not receive the supervised release violation worksheet until the beginning of the revocation hearing. Merchant's counsel on appeal also argues that trial counsel's motion for a continuance may also have been based upon late receipt of the addendum to the petition on supervised release. We review the district court's denial of a motion for a continuance for abuse of discretion by the court and prejudice to the defendant. *United States v. Bakker*, 925 F.2d 728, 735 (4th Cir. 1991). We find that the record demonstrates that the motion for a continuance was based only upon receipt on the day of the hearing of the supervised release violation worksheet. Further, no prejudice is evidenced in the record by counsel's tardy receipt of the worksheet. The Chapter 7 policy statements of the Sentencing Guidelines are non-binding, advisory guides in revocation proceedings. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Because the policy statements are advisory only, we find that the court did not abuse its discretion in denying the motion for continuance based upon defense counsel receiving

the worksheet on the day of the hearing. Even considering that there was a mistake on the worksheet, which may have been discovered if counsel had more time to review the worksheet, we find that based on the record, Merchant suffered no prejudice.

Finally, Merchant argues for the first time on appeal that the supervised release violation worksheet incorrectly assigned him a Class B violation for the Ohio forgery conviction, which Merchant states is classified in Ohio as a Class 5 felony under Ohio Rev. Code Ann. § 2913.31A3 (West 2002), and therefore the forgery violation should have been classified as a Class C felony. With the correction, the sentencing guidelines range would have been 8 to 14 months instead of 21 to 27 months, as stated in the worksheet. Merchant argues that the court relied upon the sentencing guidelines range in imposing the twenty-four month sentence, and that to remedy the error, his sentence should be vacated and remanded to the court for re-sentencing.

The Government does not dispute that the Ohio forgery felony grade was incorrectly reported. Because Merchant did not challenge the content of the probation officer's worksheet at the hearing, the claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993); *United States v. Grubb*, 11 F.3d 426, 440 (4th Cir. 1993). Even though the worksheet contained an error, it is clear from the record that Merchant was not prejudiced by it. Merchant asked for a more structured continued period of supervised release, but the court rejected the request. The record shows that the court's decision was based on its belief that there were numerous violations and that the court did not believe that Merchant would adhere to any conditions of supervised release were it to be reimposed. There is nothing in the record suggesting that the court believed it lacked authority to grant Merchant's request or to sentence him to a shorter term of imprisonment.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*